**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6851**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

BOBBY EUGENE CREWS,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  J. Michelle Childs, District Judge.  (6:07-cr-00015-JMC-1)

Submitted:  August 24, 2017                          Decided:  August 29, 2017

Before GREGORY, Chief Judge, and SHEDD and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Bobby Eugene Crews, Appellant Pro Se.  Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Eugene Crews appeals the district court's order treating his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C. § 2255 (2012) motion, and denying it on that basis.[*] On appeal, we confine our review to the issues raised in the Appellant's brief. *See* 4th Cir. R. 34(b). Because Crews' informal brief does not challenge the basis for the district court's dispositive procedural ruling, Crews has forfeited appellate review of the court's order. *See Williams v. Giant Food Inc.*, 370 F.3d 423, 430 n.4 (4th Cir. 2004). Accordingly, we affirm the district court's judgment. *See United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

Additionally, we construe Crews' notice of appeal and informal brief as an application to file a successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Crews' claim does not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

---

[*] We treat the district court's denial of Crews' Rule 60(b) motion as a dismissal because, as the court correctly concluded, it was without jurisdiction to consider the merits of Crews' successive claims.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*